IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| BETH MCRAVION | : | VIOLATIONS:<br>18 U.S.C. § 287 (making a false claim |
| | : | upon the United States – 1 count) |

## INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this indictment:

1.     The United States Department of Health and Human Services (HHS) Administration for Children and Families (ACF), funded a child day care subsidy program through block grants to the states.

2.     The HHS block grants for child day care in Pennsylvania were sent to the Pennsylvania Department of Human Services (PA-DHS), which was formerly known as the Department of Public Welfare.

3.     Within PA-DHS, the Office of Child Care Development and Early Learning (OCDEL) ran the Bureau of Subsidized Child Care Services to manage the systems for the local agencies that arranged for the child care benefits and services for low-income families. As part of the block grant award, PA-DHS was required to award the grant funds to agencies which assisted PA-DHS in the administration of the program benefits.

4.     In Philadelphia, the agency which assisted in the administration of the federally funded child day care benefits was Child Care Information Services (CCIS). Under CCIS policies, subsidized child care was available for a child whose family met financial and other requirements. The child had to be under 13 years of age and the parent had to be working or attending an education or training program. The annual income of the child's family had to be 200 percent or less of the Federal Poverty Income Guidelines to be eligible to receive the benefits. The adult family member caretaker of the child had to be employed or attending an education program, or some combination of the two, for at least 20 hours each week. The hours of subsidized child care had to match the work or education hours of the adult caretaker. The parent chose the day care provider of her/his choice, including a child care center, a small family day care home, a group day care home, or even a qualifying relative or neighbor.

5.     The parent who applied to claim the child care subsidy was required to accurately report her/his entire income as part of the application process and the periodic redetermination of continued benefits process. The parent had to submit documentation of the reported income, for instance through paystubs.

6.     Defendant BETH MCRAVION was a resident of Philadelphia, Pennsylvania with four children.

7.     From in or about 2011 through in or about October 2015, defendant BETH MCRAVION was employed in the military as a member of the Pennsylvania Air National Guard (PA-ANG), where she attained the rank of major. Also, from in or about May 2012, through in or about October 2015, defendant MCRAVION was employed in a civilian capacity at PA-ANG. Defendant MCRAVION received separate paychecks for her military and civilian employment.

2

## THE CHILD CARE SUBSIDY SCHEME

8.       Beginning in or about December 2011, and continuing through in or about October 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant BETH MCRAVION underreported her military pay and failed to report her civilian income to the agency determining, and periodically redetermining, her eligibility for the federally funded child care subsidy benefit. The underreported and unreported income caused her income level to appear to meet the program requirements for the child care subsidy, when in fact it did not.

9.       In or about December 2011, defendant BETH MCRAVION submitted altered military paystubs, underreporting her actual income, in support of her continuing receipt of the child care subsidy.

10.      In or about October 2015, defendant BETH MCRAVION submitted altered military paystubs, underreporting her actual income, in support of her continuing receipt of the child care subsidy.

11.      From in or about January 2012, through in or about October 2015, in Philadelphia, Pennsylvania, defendant BETH MCRAVION received the federally funded child care subsidy benefit based on her false claims with underreported income and altered paystubs. The falsely claimed benefits totaled approximately $89,223.

12.      On or about October 9, 2015, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### BETH MCRAVION,

made and presented to Child Care Information Services, an agency which works with the Pennsylvania Department of Human Services, a claim upon the United States Department of Health and Human Services, Administration for Children and Families, that is, a claim for child care subsidy payments for low income families, knowing that the claim was false, fictitious, and fraudulent, in that the claim contained false, fictitious and fraudulent income information so that she would wrongly qualify for the federal benefits. Specifically, defendant MCRAVION underreported her income from her military job and failed to report her income from her civilian job, which was greater than her military income. Also, defendant MCRAVION submitted altered military paystubs in support of her false, fictitious and fraudulent claim for federal benefits.

In violation of Title 18, United States Code, Section 287.

**A TRUE BILL:**

**FOREPERSON**

_Ronald Sarach for_

**WILLIAM M. MCSWAIN**
**United States Attorney**

No.———————

## UNITED STATES DISTRICT COURT

### *Eastern District of Pennsylvania*

### *Criminal Division*

### THE UNITED STATES OF AMERICA

vs.

### BETH MCRAVION

INDICTMENT

18 U.S.C. § 287 (making a false claim upon the United States – 1 count)

█████████████████

*Foreman*

*Filed in open court this*————————*day,*

*of*————*A.D. 20*————

*Clerk*

*Bail, $*————